IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNY DALE JENKINS, ID#1458923, )<br>   Petitioner, )<br>vs. )<br>)<br>WILLIAM STEPHENS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>   Respondent. ) | No. 3:15-CV-2786-D (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the habeas corpus petition should be transferred to the United States Court of Appeals for the Fifth Circuit as successive.

**I. BACKGROUND**

Kenny Dale Jenkins (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

Petitioner previously sought relief under 28 U.S.C. § 2254 in this court, and it was denied by judgment dated November 28, 2012. *See Jenkins v. Thaler,* No.3:11-CV-3002-D (N.D. Tex.) (docs. 12, 14, 15.) The procedural history of the underlying conviction was described as follows:

> On April 25, 2007, the State indicted petitioner for nine counts of aggravated sexual assault of a child younger than 14 years of age on or about January 24, 2005, February 14, 2005, February 28, 2005, March 31, 2005, June 30, 2005, August 21, 2005, August 31, 2005, October 31, 2005, and November 15, 2005. (Clerk's Record ("C.R."):8-10). He pleaded not guilty and was tried before a jury on September 4-7, 2007. (C.R.:2-3). On September 6, 2007, the jury convicted petitioner of all nine counts of aggravated sexual assault, as charged. (C.R. 3). After a punishment

>hearing, it sentenced him to life imprisonment on each of the nine counts. (C.R. 5:16). The trial court then ordered that the sentences be served consecutively. (C.R. 5:16-17).
>
>On direct appeal, petitioner argued that: 1) the evidence was legally and factually insufficient to prove venue in Navarro County on each offense; 2) the evidence was legally and factually insufficient to prove that he was the perpetrator of several of the counts; 3) the trial court erred in failing to grant the defense's motion to quash the indictment because it improperly joined different offense not arising out of the same criminal episode; and 4) trial counsel was ineffective for failing to object to the nine cumulative life sentences as cruel and usual punishment. Petitioner's convictions and sentences were affirmed on direct appeal, and his petition for discretionary review was refused. *Jenkins v. State*, No. 10-07-0307-CR, 2009 WL 3319834 (Tex. App.–Waco, Oct. 14, 2009, pet. ref'd). . . .
>
>On February 16, 2011, and May 4, 2011, petitioner's first two state writ applications were dismissed by the Texas Court of Criminal Appeals for noncompliance with procedural rules. *See Ex parte Jenkins*, WR-75,374-01 (Tex. Crim. App. Feb. 16, 2011); *Ex parte Jenkins*, WR-75,374-02 (Tex. Crim. App. May 4, 2011). Petitioner filed a third state writ on August 11, 2011, in which he raised the same claims he raised in his federal petition. (State Habeas Transcript "S.H.Tr.":10-99). On October 19, 2011, the Texas Court of Criminal Appeals denied his state application on the merits without a written order. (*Id*. at cover).

*Jenkins v. Thaler,* No.3:11-CV-3002-D (N.D. Tex. Nov. 1, 2012) (findings, conclusions and recommendation), *adopted,* (N.D. Tex. Nov, 28, 2012).

After Petitioner's first § 2254 petition was denied on November 28, 2012, he filed a fourth state application for writ of habeas corpus under article 11.07 on January 21, 2014, asserting juror and prosecutorial misconduct. That application was denied with written order by the Texas Court of Criminal Appeals on October 8, 2014. *Ex parte Jenkins,* WR-75,374-04 (October 8, 2014). He now again challenges his multiple convictions for aggravated sexual assault of a child younger than 14 years of age. (doc. 1 at 1-2.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] A second petition is not successive, however, if the prior petition was dismissed due to prematurity or for lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same 2007 convictions as in his 2011 federal petition that was denied with prejudice. Under *Hardemon* and *Crone*, Petitioner was required to present all available claims in his prior 2011 federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that he did raise or could have raised in the 2011 federal petition. (doc. 1 at 8-11.) He cites his April 2012 receipt of a copy of the victim's March 26, 2012 affidavit in support of his claims that he was denied a fair and impartial trial due to juror bias and prosecutorial misconduct, and he claims that he is factually innocent, that the trial court failed to take judicial notice, and that the allegations in the indictment were not proven by evidence. (doc. 1 at 8-11; doc. 2 at 59-61.) Petitioner raised some of these claims during the first § 2254 proceeding, alleging that some of the charges did not take place in Navarro County, that he was factually innocent, and that the indictments were never proven by sufficient evidence. *See Jenkins v. Thaler,* No.3:11-CV-3002-D, (docs. 12, 13, and 14.) He could have raised the other claims he now raises, including the claims arising from his receipt of the victim's affidavit during that proceeding. *Id.*, at doc. 11.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. §

4

2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(c). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive petition for habeas relief, this Court lacks jurisdiction over this action.

### III.  RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 28th day of August, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE